Field, J.
delivered the opinion of the court.' — It has been contended on behalf of the prisoner that the demurrer should have been sustained as to the first count of the indictment, 1. Because, at the time of passing the note referred to in the indictment, there was no such bank in existence as the bank of the United States; which feet the court ought ex officio to know and con *735 sider. 2. Because the indictment does not set forth with sufficient certainty the time and place of passing the note. 3. Because it does not set forth with sufficient certainty the time and place of the scienter.
At the date of the note in question, the bank of the United States was in existence, although at the time of passing the note the charter had expired. Therefore, as the act of assembly under which the prisoner was prosecuted, 1 Rev. Code, ch. 154, § 1, p. 578. prohibits in terms the passing of forged and counterfeited notes of that bank, it is not materia] to consider whether the charter of the bank had expired or not; if indeed it were proper to consider that question at all, upon a demurrer to the indictment.
Upon looking at this indictment, a majority of the court is of opinion that it is substantially averred in the indictment, that the prisoner passed the note in question on the 14th day of September 1836, at the county of Monroe, within the jurisdiction of the circuit court in which he was indicted; and a majority of the court is also of opinion that it is substantially averred in the indictment, that the prisoner, at the time and place of passing the note, knew that it was a false, forged and counterfeited note; and that therefore the grounds of objection taken by the counsel for the prisoner upon those two points do not exist in point of fact. Because, if, as it is averred, the prisoner passed the said note on the 14th day of September 1836, at the county of Monroe and within the jurisdiction of the said circuit court, to the said William Adair, with intention to injure and defraud him, well knowing that the said noto, at the time of passing the same, was false and forged, he necessarily knew, at the time and place of putting oil’ and passing the said note, that the same was forged and counterfeit, as absolutely and certainly as if it had been alleged in the indictment that he then and there knew the same to be so counterfeited, false and forged.
*736 The counsel for the prisoner has contended before , A this court, that the bill of exceptions in this case is so imperfect, that the court here cannot perceive clearly what were, the grounds of objection taken by the prisoner to giving this note in evidence to the jury, nor what was the real judgment of the court on this part of the case; and that the judgment, for this reason, should be reversed. But the court thinks differently. The bill of exceptions states clearly what were the questions raised by the prisoner, and decided by the circuit court. The objections were, first, that some i’s were not dotted, and some t’s not crossed; secondly, that the words “Cir. Sup. Ct. Oct. Tm. 1836. Indictment.” found on the note, had not been inserted in the indictment; and thirdly, that the last syllable of the name “ Underwood” did not appear upon the face of the note offered in evidence. In reference to these questions the court will remark, that as to the first, the prisoner’s counsel' here, as well as the court, thinks the failure to dot i’s and cross t’s an immaterial matter. The words “ Cir. Sup. Ct. Oct. Tm. 1836. Indictment.” constituted no part of the note, and were, no doubt, indorsed upon the note after it had been passed by the prisoner; and could not therefore with propriety have been introduced into the indictment. As to the obliteration of the last syllable of the name “Underwood,” — that syllable having been effaced after the note was passed, it' became necessary to introduce secondary evidence to prove that the name was engraved upon the note at the time of its being passed by the prisoner. The indictment has described the note truly, as it appeared at the time of its being passed by the prisoner; and as the truth of that description could not be manifested by an inspection of the paper after the name had been effaced, there was no other means left by which the truth of the description could be manifested, except by the introduction of parol testimony.
*737 Upon the whole, a majority of the court is of opinion that there is no error in the judgment of the circuit court, and that the same should therefore be affirmed.
Clopton, J.
The indictment against the prisoner charges “ that John Auckland, late of Monroe county, labourer, on the 14th day of September 1836, at the said county of Monroe and within the jurisdiction of the circuit court, being possessed of a certain false, forged and counterfeited bank note, purporting to be a bank note of the bank of the United States, of the denomination of 20 dollars, which said false, forged and counterfeited bank note is in the words and figures following, that is to sa.y” (setting out the note in heec verba) “ on which said note was the following indorsement: ‘ Pay the bearer. M. Robinson.’ feloniously did pass to one William Adair the said false, forged and counterfeited note, purporting &c. with intention to injure and defraud the said William Adair, he the said John Auckland well knowing the said note to be false, forged and counterfeited, at the time he passed the same to the said William Adair, against the form of the act,” &c.
To this indictment the prisoner demurred. The circuit court overruled the demurrer. He then pleaded to the indictment, and the jury found him guilty. This court has awarded a writ of error; and. one of the errors assigned is, that the indictment does not sufficiently charge the time and place when and where the offence was committed. Concurring with the court in the opinion given in the case, except on this point, I shall confine myself to a brief examination of this.
It is conceded that the offence charged must be laid with timo and place, and that this averment of time and place must extend to every material allegation. The prosecutor, it is true, is not confined to the time laid in the indictment, but may prove the offence to have been committed at another time : and the time and place laid *738 may be connected with each material allegation by the phrase adtunc et ibidem, or, in english, then and there. But it being necessary to lay a time and place connected with each material allegation, the question is, has that been done in this case ? The material facts are the passing the counterfeit note, and the knowledge of the prisoner, at the time of passing, that it was counterfeit. To produce the conviction of the prisoner, it was necessary to prove both these facts; and this involves the necessit} of charging them in the indictment. They are then material allegations, without the averment of which the indictment would be insufficient; and if necessary to be averred, they must be averred with time and place. The words of the indictment, “ that John Buelcland, on the 14th day of September 1S36, at the county of Monroe, being possessed of a certain false, forged and counterfeited bank note, purporting &c.” are a mere recital of the fact that Buck-land had a counterfeit note in his possession on the given day; and though it is afterwards charged that he did pass to Adair the said note, does it therefore follow, or is it true either in grammatical or legal construction, that the passing occurred on the day on which he is said to have been possessed ? It is certainly true that be could not pass without being possessed, but he may have been possessed without passing. The criminal fact charged must be laid to have been committed on some particular day, either directly, or connected with a day previousl} laid, by the terms then and there. Here, no day is directly laid as the day on which the criminal fact charged is alleged to have been committed. The day is to be collected by intendment from and connexion with a fact antecedently laid. This antecedent fact is, that at a particular time and place, he was possessed of a counterfeit note. The criminal fact subsequently charged is not introduced by the phrase then and there; and if that expression is not necessary here *739 to connect these two facts, it seems difficult to imagine any case in which the use of it would be necessary, He was possessed on the 14th of September 1836, and did pass : when? Whether then and there, or at some other time and place, is to my mind altogether uncertain. Taking this in connexion with the fact that the scienter is charged at the time of the passing, the scienter also is laid without a venue.
It may be said that the fact of being possessed is surplusage, and may be rejected. Mere surplusage should in all cases be rejected : but is this allegation of that character? It may not be necessary to allege the possession in the indictment, but the possession itself is of the essence of the perpetration of the crime. No one can pass, without being possessed; and proof of the fact of passing carries along with it, necessarily, proof of the fact of possession. Possession, then, cannot be considered as merely immaterial; and although it was not necessarily inserted in the indictment, yet being there, it cannot be rejected on the ground of being mere surplus matter. But reject it; and then the indictment reads, “ that John Buclcla-nd, on the 14th day of September 1836, at the county of Monroe, a certain false, forged and counterfeited bank note feloniously did pass to William Adair the said note.” Is this an allegation that he passed, on the 14th of September 1836 ? In that view, what is the meaning of this last phrase, the said note? Is it also to be rejected? If it is, the indictment would be sufficient. But it is a most essential part of the offence, as alleged, and cannot, as it seems to me, be disregarded; and if it be regarded, what connects it with the previous allegation of time and place ? In my humble judgment, there is nothing to close the hiatus.
This general reasoning is fortified by the only direct authority which I have been able to find, which is Cotton’s Case, reported in Cro. Eliz. and relied upon by lord *740 Hale (2 P. C. 168.) in laying down the rule upon this suhject- In Cotton’s case, the indictment charged that “having a sword in his hand, he gave a blow.” This indictment was held bad. And all the precedents to which I have had access, by the precision and particularity with which they lay the principal and each material fact, as regards time and place, also furnish strong corroborative authority. For sometimes the forms of the law are of the essence of the law, and an adherence to them is essentially necessary to a due administration of justice; and however unwilling I may be that a convicted felon should escape merited punishment, yet when a form (to call it so) which I am unable to separate from the substance, seems to have been overlooked, I am not permitted to hesitate; and therefore I conclude that the indictment is uncertain and insufficient, and that the demurrer should have been sustained.
Allen, J. concurred in the opinion of judge Clo^ton.
Brown, J.
before whom the cause was tried in the circuit court, declined expressing any opinion on it here, though he consented to sit in the case, as it was necessary for him to do so in order to form a court.
Judgment affirmed.